1

2

3

4

5

6

7

8                                    UNITED STATES DISTRICT COURT

9                              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    MANFRED SCHIELD,                               No.  2:15-cv-2067 AC PS

12                    Plaintiff,

13          v.                                       ORDER

14    COUNTY OF SACRAMENTO
      SHERIFF'S DEPT. OFFICER HATFIELD
15    # 692,

16                    Defendant.

17

18          Plaintiff is a state prisoner proceeding in this action pro se.  The action was originally filed

19    in the Fresno Division of this court, and was then transferred to the Sacramento Division.  See

20    ECF No. 3.  This matter was referred to the undersigned by E.D. Cal. R. 302(c)(21) (referral of

21    pro se cases).

22          Plaintiff requests leave to proceed in forma pauperis under 28 U.S.C. § 1915(a)(1), and

23    has submitted an affidavit making the showing required by that statute.  Accordingly, the request

24    to proceed in forma pauperis will be granted.

25          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

26    §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

27    accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

28    the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

                                                    1

1    forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

2    of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

3    These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

4    the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

5    § 1915(b)(2).

6         The determination that plaintiff may proceed in forma pauperis does not complete the

7    required inquiry.  The court is directed to dismiss the case at any time if it determines the

8    allegation of poverty is untrue, or the action is frivolous or malicious, fails to state a claim on

9    which relief may be granted, or seeks monetary relief against an immune defendant.  28 U.S.C.

10   §§ 1915(e)(2) (screening of IFP complaints), 1915A(a) (screening of complaints by prisoners

11   against employees of governmental entities).

12                              I.  SCREENING STANDARD

13        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

14   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

15   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

16   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

17   490 U.S. at 327.  In addition, Rule 8 of the Federal Rules of Civil Procedure requires that a

18   complaint provide "a short and plain statement of the claim showing that the pleader is entitled to

19   relief."  Fed. R. Civ. P. 8(a)(2).  The complaint must "give the defendant fair notice of what the

20   . . . claim is and the grounds upon which it rests."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544,

21   555 (2007) (citation and internal quotation marks omitted).  Plaintiff must set forth "sufficient

22   factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Aschroft

23   v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial

24   plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

25   inference that the defendant is liable for the misconduct alleged."  Id.

26        In reviewing a complaint under this standard, the court "must accept as true all of the

27   factual allegations contained in the complaint," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing

28   Twombly, 550 U.S. at 555-56), construe those allegations in the light most favorable to the

2

1    plaintiff, <u>Von Saher v. Norton Simon Museum of Art at Pasadena</u>, 592 F.3d 954, 960 (9th

2    Cir. 2010) (citing <u>Twombly</u>), and resolve all doubts in the plaintiff's favor.  <u>Hebbe v. Pliler</u>, 627

3    F.3d 338, 340 (9th Cir. 2010) (citing <u>Hospital Bldg. Co. v. Trustees of Rex Hospital</u>, 425 U.S.

4    738 (1976)).  The court need not accept as true, legal conclusions "cast in the form of factual

5    allegations."  <u>Western Mining Council v. Watt</u>, 643 F.2d 618, 624 (9th Cir. 1981).

6         "Pro se complaints are construed 'liberally' and may only be dismissed 'if it appears

7    beyond doubt that the plaintiff can prove no set of facts in support of his claim which would

8    entitle him to relief.'"  <u>Nordstrom v. Ryan</u>, 762 F.3d 903, 908 (9th Cir. 2014) (quoting <u>Wilhelm</u>

9    <u>v. Rotman</u>, 680 F.3d 1113, 1121 (9th Cir. 2012)).[1]  A pro se litigant is entitled to notice of the

10   deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies

11   could not be cured by amendment.  <u>See</u> <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987).

12                                    II.  ANALYSIS

13        A.  <u>The Complaint</u>

14        Plaintiff alleges in the complaint that Deputy Hatfield allowed his police dog to attack and

15   bite plaintiff while plaintiff was surrendering and complying with defendant's orders, and while

16   other officers were yelling at defendant to stop the dog from attacking.  Complaint ¶ IV.  The

17   complaint also alleges that Deputy Hatfield is employed by the Sacramento County Sheriff's

18   Department.  Complaint ¶ II(A).  The court notes that although plaintiff appears to be

19   incarcerated at Avenal State Prison, this action does not challenge any conditions of his

20   confinement.

21        B.  <u>Deputy Hatfield</u>

22        For screening purposes, the complaint appears to state a cognizable Fourth Amendment

23   claim for relief under 42 U.S.C. § 1983 ("Section 1983"), for excessive use of force during an

24   arrest, against Sacramento County Sheriff's Deputy Hatfield, Badge # 692.  If the allegations of

25   ////

26

27   [1]  "<u>Iqbal</u> did not alter the rule that, 'where the petitioner is pro se, particularly in civil rights cases,
     [courts should] construe the pleadings liberally and . . . afford the petitioner the benefit of any
28   doubt.'"  <u>Wilhelm</u>, 680 F.3d at 1121 (quoting <u>Hebbe v. Pliler</u>, 627 F.3d 338, 342 (9th Cir. 2010)).

                                              3

1    the complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this

2    action.

3            C.  The Sheriff's Department

4            It appears that plaintiff is also trying to sue the Sacramento County Sheriff's Department.

5    The caption is ambiguous on this point, and there are no factual allegations against the

6    Department itself, other than its status as the employer of Deputy Hatfield.  However, in

7    explaining why "exhaustion of administrative remedies" does not apply here, plaintiff asserts that

8    "[t]his is a complaint against an outside agency (Sacramento County Sheriffs Dept.) . . .."

9    Complaint ¶ II(B).[2]

10           The Sheriff's Department cannot be held liable under Section 1983 based solely upon the

11   conduct of Deputy Hatfield, as that would be "vicarious liability."  See Connick v. Thompson,

12   563 U.S. 51, 60 (2011)) (municipal defendants "are not vicariously liable under § 1983 for their

13   employees' actions").  Instead, the Sheriff's Department can be held liable only for the harm

14   caused by its own actions and policies.  Id. (municipal defendants "are responsible only for their

15   own illegal acts") (internal quotation marks omitted); Monell v. Dep't of Soc. Servs. of City of

16   New York, 436 U.S. 658 (1978).  Therefore, "to prevail on a Fourth Amendment § 1983 claim

17   against a municipal defendant or sheriff's department," plaintiff must allege facts showing:

18
                    (1) that he was "deprived of [his] constitutional rights by
19                  defendants and their employees acting under color of state law;
                    (2) that the defendants have customs or policies which amount to
20                  deliberate indifference to ... constitutional rights; and (3) that these
                    policies [were] the moving force behind the constitutional
21                  violations."

22   Gant v. County of Los Angeles, 772 F.3d 608, 617 (9th Cir. 2014) (quoting Lee v. City of Los

23   Angeles, 250 F.3d 668 (9th Cir. 2001)).

24           One way the "customs or policies" requirement can be satisfied is if plaintiff can

25   truthfully allege facts showing that he was harmed by the Sheriff's Department's custom or

26

27   _____
     [2]  Plaintiff's complaint is written on a form apparently provided to prisoners.  One of the entries
     on the form is "Exhaustion of Administrative Remedies," which would be applicable if plaintiff
28   were a prisoner challenging the conditions of his confinement.  See 42 U.S.C.A. § 1997e(a).

1    policy of conducting inadequate "training or supervision," where that training or supervision "is

2    sufficiently inadequate as to constitute 'deliberate indifference' to the righ[t]s of persons" with

3    whom its deputies come into contact.  Davis v. City of Ellensburg, 869 F.2d 1230, 1235 (9th

4    Cir. 1989) (quoting City of Canton v. Harris, 489 U.S. 378 (1989)).  The requirement can also be

5    satisfied if plaintiff can truthfully allege facts showing that the Department ratified Deputy

6    Hatfield's allegedly unconstitutional conduct.  See Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701,

7    737 (1989) (Section 1983 claim may be made out by acquiescence in a longstanding practice or

8    custom which constitutes the "standard operating procedure" of the local governmental entity).

9         Plaintiff's complaint alleges no such facts against the Department, other than its status as

10   Deputy Hatfield's employer, and therefore, the complaint fails to state a claim against the

11   Department.

III.  CONCLUSION

13        For the reasons stated above, IT IS HEREBY ORDERED that:

14        1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2), is GRANTED.

15        2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

16   is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

17   § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

18   Director of the California Department of Corrections and Rehabilitation filed concurrently

19   herewith.

20        3.  Plaintiff may proceed now to serve Deputy Hatfield, as set forth below (instructions

21   numbered 5-9), and pursue his claims against only that defendant.  Alternatively, he may delay

22   serving Deputy Hatfield, and attempt to state a cognizable claim against the Sacramento County

23   Sheriff's Department.

24        4.  **If plaintiff elects to attempt to amend his complaint to state a cognizable claim**

25   **against the Department, he has thirty days so to do** (and he may skip instructions numbered

26   5-9, below).  He is not obligated to amend his complaint.  If he does so, the amended complaint

27   will also be subject to screening.

28   ////

5

5. **If plaintiff elects to proceed now against Deputy Hatfield alone**, then within thirty days he must return the materials for service of process that are enclosed with this order, as described below.  In this event the court will construe plaintiff's election as consent to the dismissal of all claims against the Sacramento County Sheriff's Department, without prejudice.

6. Service is appropriate for the following defendant: Sacramento County Sheriff's Deputy Hatfield, Badge # 692.

7. The Clerk of the Court shall send plaintiff one USM-285 form for each defendant, one summons, a copy of the complaint filed September 30, 2015 (ECF No. 1), an instruction sheet, and an appropriate form for consent to trial by a magistrate judge.

8. Within 30 days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents, and submit the following documents to the court:

      a.  The completed Notice of Submission of Documents;

      b.  One completed USM-285 form for each defendant listed in number 3, above;

      c.  One completed summons;

      d.  One copy of the endorsed complaint for each defendant; and

      e.  A completed form to consent or decline to consent to trial by the magistrate judge.

9. Plaintiff need not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendant pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

10. Failure to comply with this order may result in a recommendation that this action be dismissed for lack of prosecution and failure to comply with a court order.

DATED: December 8, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

6

1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    MANFRED SCHIELD,                            No.  2:15-cv-2067 AC PS

12                  Plaintiff,

13         v.                                     ORDER

14    COUNTY OF SACRAMENTO
      SHERIFF'S DEPT. OFFICER HATFIELD
15    # 692,

16                  Defendant.

17

18         Plaintiff submits the following documents in compliance with the court's order filed

19    _____:

20         ____    completed summons form

21         ____    completed USM-285 forms

22         ____    copies of the complaint

23         ____    completed form to consent or decline to consent to magistrate judge jurisdiction

24

25

26    _____          _____
      Date                                             Plaintiff

27

28
                                               7